█ In the Matter of the Estate of Marie G. Tutty, Deceased. Carl Kirby, Respondent; S. Folsom Selwood, as Executor of John R. Tutty, Deceased, Appellant.— Decree unanimously reversed, without costs, and petition dismissed. Memorandum: On December 26, 1966, Marie G. Tutty acquired the Kirby Office Equipment Company from Carl Kirby. She filed an assumed name certificate three days later renaming the business "Marie's Gifts, Stationery and Office Supplies". She died intestate on May 8, 1968 leaving her husband, John R. Tutty (Tutty), as her sole distributee. He became administrator of his wife's estate and in an affidavit he submitted in connection with waiving the need for a bond he included as an asset of the estate the business acquired from Kirby and included as a liability the remaining debt to Kirby. The affidavit valued the business' worth at $45,000 and stated the liability to Kirby was $43,000. In both the Federal and State inheritance tax returns filed by Tutty, the liability to Kirby was taken as a deduction. During the period before the accounts were settled, Tutty made payment to Kirby which reduced the debt to $30,726.80. On May 3, 1971 Kirby orally demanded the remaining amount. On May 19, 1971, payment was refused. The following day without any notice to Kirby, a decree was entered settling the account in the estate of Marie Tutty. No notice of claim had ever been made upon the estate by Kirby and this was the reason given for failing to cite him. On August 9, 1972, John Tutty died testate. His will was admitted to probate on September 18, 1972 naming an executor. Kirby then filed claims against both the estates of Marie and John Tutty in the Herkimer County Surrogate's Court. Tutty's executor rejected the claim against his estate but took no action concerning the claim made against the estate of Marie Tutty. Kirby then brought a petition to have the treasurer of Herkimer County appointed administratrix *de bonis non* of the goods, chattels and credits of Marie Tutty. The Surrogate determined that Kirby was prima facie a creditor of Marie Tutty and that the validity of this claim need not be determined as a condition precedent to the granting of letters of administration *de bonis non*. The court in its discretion also determined that John Tutty's executor was ineligible to serve as administrator *de bonis non* and therefore decreed that letters be issued to the County Treasurer. We agree that Kirby was a prima facie creditor of the estate of Marie Tutty as evidenced by the actions of Tutty after his wife's death. However, since the assets of her estate have already been wholly distributed to John Tutty as her sole distributee, there is no asset to be administered by an administratrix *de bonis non* (see *Prentiss* v. *Weatherly*, 68 Hun 114, 116, affd. 144 N. Y. 707; 25 Carmody-Wait 2d, N. Y. Practice, § 151 :92). Assuming, *arguendo*, that there were undistributed assets in the estate of Marie Tutty, SCPA 1001 (subd. 2) provides that where an intestate's sole distributee dies, his fiduciary shall be granted letters of administration and, therefore, John Tutty's executor would have been the proper party to receive letters. It was error for the Surrogate to exercise his discretion to deny

letters to Tutty's executor under SCPA 707 (subd. 2), since that section only allows the court discretion to deny letters where the fiduciary is unable to read or write English. Kirby's proper remedies are either to bring an action against John Tutty's estate asserting that John Tutty did not act in good faith in the administration of his wife's estate (*Matter of Gill,* 199 N. Y. 155, 157; *Matter of Goldberg,* 14 A D 2d 294, 296, affd. 12 N Y 2d 911) or an action pursuant to EPTL 12-2.1, against the estate of John Tutty as Marie Tutty's distributee. (Appeal from decree of Herkimer County Surrogate granting letters of administration *de bonis non.*) Present — Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.