■ VARICK DRYWALL, INC., Respondent, v ANIERO CONCRETE Co., INC., et al., Defendants, and AMERICAN INSURANCE

COMPANY, Appellant. [654 NYS2d 815] —In an action to foreclose a mechanic's lien, the defendant American Insurance Company appeals from (1) a judgment of the Supreme Court, Kings County (Held, J.), dated January 2, 1996, which is in favor of the plaintiff and against it in the principal sum of $101,827.32, and (2) so much of an order of the same court, dated May 29, 1996, as denied its motion to renew and/or reargue. The plaintiff's notice of appeal from the order dated December 20, 1995, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the appeal from so much of the order dated May 29, 1996, as denied that branch of the appellant's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is reversed, on the law, and, upon searching the record, summary judgment is granted to the appellant, so much of the order dated December 20, 1995, as granted that branch of the plaintiff's motion which was for summary judgment against the appellant is vacated, and the complaint insofar as asserted against the appellant is dismissed; and it is further,

Ordered that the appeal from so much of the order dated May 29, 1996, as denied that branch of the appellant's motion which was for renewal is dismissed in light of our determination of the appeal from the judgment; and it is further,

Ordered that the appellant is awarded one bill of costs.

We agree with the appellant's argument that it was released from liability by virtue of an agreement dated April 11, 1994, between the plaintiff and the defendant Berry Street Corp. That agreement purported to extend the time of payment, without the assent of the appellant, from substantial completion and acceptance of the work, as provided in the original subcontract, to either the "transfer of title to the subject property or upon payment from the New York City Housing Authority". Inasmuch as the plaintiff failed to expressly retain the right to demand payment of the debt according to the original terms of the subcontract (*see, Bier Pension Plan Trust v Estate of Schneierson,* 74 NY2d 312; *compare, First Am. Bank v Builders Funding Corp.,* 200 AD2d 946, 947), the agreement operated to discharge the appellant from its obligations under the payment bond (*see, Bier Pension Plan Trust v Estate of Schneierson, supra; Becker v Faber,* 280 NY 146; *National Park Bank v Koehler,* 204 NY 174; *Congregation Ohavei Shalom v Comyns Bros.,* 123 AD2d 656).

This issue was clearly addressed by the parties, and thus we

exercise our power to award summary judgment to the appellant, a nonmoving party (*see,* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.,* 89 NY2d 425; *Grimaldi v Pagan,* 135 AD2d 496).

In light of the foregoing determination, the appellant's remaining contentions are academic. Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.