“On a motion to dismiss the complaint pursuant to CPLR *966 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Leon v Martinez, 84 NY2d 83, 87 [1994]; White Plains Cleaning Servs., Inc. v 901 Props., LLC, 94 AD3d 1108, 1108-1109 [2012]; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 125 [2009], affd 16 NY3d 775 [2011]). When courts consider evidentiary material on motions to dismiss, the criterion becomes whether proponents of pleadings have a cause of action, not whether they have stated one. Upon a court’s consideration of such evidentiary material, however, motions to dismiss pursuant to CPLR 3211 (a) (7) should be granted only when (1) it has been shown that a material fact alleged in the complaint is not a fact at all, and (2) there is no significant dispute regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Sokol v Leader, 74 AD3d 1180, 1181-1182 [2010]).
Here, the complaint adequately states a cause of action to recover damages for breach of guaranty. Moreover, the evidentiary material that the defendant Catherine Chavenet submitted in support of that branch of her motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against her and the defendant Laurent Chavenet, her indemnitee, failed to show beyond significant dispute that any material fact alleged in the complaint was not a fact at all (see Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683 [2012]). Accordingly, the subject branch of the motion should have been denied. Dillon, J.P, Balkin, Leventhal and Hall, JJ., concur.