██ T. Mina Supply, Inc., et al., Plaintiffs, v Clemente Bros. Contracting Corp. et al., Defendants, and International Fidelity Insurance Company, Defendant/Third-Party Plaintiff-Appellant. City of New York, Third-Party Defendant-Respondent. [34 NYS3d 82]—

In a consolidated action, inter alia, to foreclose mechanic's liens, the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered May 6, 2014, as, in effect, granted that branch of the motion of the third-party defendant which was pursuant to CPLR 3211 (a) to dismiss the first, third, fourth, fifth, sixth, eighth, ninth and tenth causes of action in the third-party complaint based on the doctrine of law of the case.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the third-party defendant's motion which was pursuant to CPLR 3211 (a) to dismiss the first, third, fourth, fifth, sixth, eighth, ninth and tenth causes of action in the third-party complaint is denied.

The Supreme Court erred in concluding that the doctrine of law of the case required it to grant that branch of the motion of the third-party defendant, the City of New York, which was pursuant to CPLR 3211 (a) to dismiss the first, third, fourth, fifth, sixth, eighth, ninth and tenth causes of action in the third-party complaint. The prior order on which the court relied, which granted that branch of the motion of the defendant New York City Department of Design and Construction (hereinafter the DDC) which was pursuant to CPLR 3211 (a) (1) to dismiss the six cross claims asserted against it by the defendant third-party plaintiff, International Fidelity Insurance Company (hereinafter International), had been entered upon International's failure to oppose the motion. Thus, the issue of whether the documentary evidence conclusively established International's liability had not been resolved on the merits, and the court was not bound by that prior determination (see Mamani v Kiesling, 117 AD3d 804 [2014]; see also Kaufman v Eli Lilly & Co., 65 NY2d 449, 456-457 [1985]).

The City also argues, as an alternate ground for affirming the dismissal of the first and sixth causes of action in the third-party complaint, that those causes of action were properly dismissed pursuant to CPLR 3211 (a) (1) and (7) based on documentary evidence and for failure to state a cause of action. On a motion to dismiss a complaint pursuant to CPLR 3211 (a)

(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) . . . the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) on the ground that the action is barred by documentary evidence, dismissal is warranted "only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mawere v Landau*, 130 AD3d 986, 987 [2015] [internal quotation marks omitted]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d at 88).

Here, the first and sixth causes of action in the third-party complaint, which alleged, inter alia, that the City exposed International to liability under the subject payment bonds by materially modifying and extending the construction contracts in a manner not permitted by the terms thereof, stated valid causes of action to recover damages for such conduct, and the evidence submitted by the City failed to establish that a material fact as claimed by International was not a fact at all and that no significant dispute exists regarding it (*see* CPLR 3211 [a] [7]; *cf. Varick Drywall v Aniero Concrete Co.*, 237 AD2d 348, 349 [1997]; *Success Constr. Corp. v Superintendent of Ins.*, 220 AD2d 339, 340 [1995]; *cf. also Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312, 315 [1989]). Additionally, the documentary evidence submitted by the City did not utterly refute International's factual allegations and, thus, did not conclusively establish a defense as a matter of law (*see* CPLR 3211 [a] [1]). Accordingly, the City failed to establish entitlement to dismissal of the first and sixth causes of action in the third-party complaint pursuant to CPLR 3211 (a) (1) and (7). Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.