■ In the Matter of MAY DINGER, Deceased. DAVID THOMPSON, JR., Respondent; MARY ANN DINGER GUNTHER, Appellant. [56 NYS3d 172]—

Appeal from a decree of the Surrogate's Court, Richmond County (Robert J. Gigante, S.), dated January 8, 2015. The decree, upon an order of the same court dated December 2, 2014, directed that letters of administration be issued to the petitioner. The notice of appeal from the order is deemed to be a notice of appeal from the decree (see CPLR 5512 [a]).

Ordered that the decree is affirmed, with costs payable by the appellant personally.

The decedent died on October 12, 2012, survived by one of her daughters, the appellant. In April 2014, the petitioner, who was the son of the decedent's predeceased daughter, commenced this proceeding pursuant to SCPA 1001 to obtain letters of administration for the decedent's estate. The appellant moved to dismiss the petition, in effect, for failure to state a cause of action. At a court appearance in September 2014, the parties agreed to have the disputed issues resolved based on written submissions. In an order dated December 2, 2014, the Surrogate's Court denied the motion to dismiss the petition and granted the petition without a hearing. Thereafter, upon the order, the court entered a decree which directed that letters of administration be issued to the petitioner.

Contrary to the appellant's contention, the petition sufficiently alleged that the decedent left no valid will (see SCPA 1002 [2]; 2-35 Warren's Heaton, Surrogate's Court Practice § 35.04 [4]), and the evidence submitted by the appellant in support of her motion failed to establish that this material fact was, undisputedly, not a fact at all (see CPLR 3211 [a] [7]; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1041 [2016]; Matter of Saginario, 119 AD3d 697, 698 [2014]). While the appellant submitted a copy of the decedent's purported will, she refused to offer the alleged original will for probate (see SCPA 1001 [9]; Matter of Rinder, 196 Misc 657 [Sur Ct, NY County 1949]). Moreover, the appellant failed to establish that the petitioner was unqualified or unfit to serve as an administrator. Although she contends that the petitioner was merely a "strawman" for an alleged creditor of the estate, "a creditor of an estate is not automatically barred from appointment as the estate's administrator[,] and the pertinent inquiry is whether the fiduciary has engaged in misconduct warranting his or her removal" (Matter of Cunningham, 63 AD3d

1061, 1063 [2009] [internal quotation marks omitted]; *see* SCPA 1002 [1]; *see also Matter of Shephard*, 249 AD2d 748, 749 [1998]).

Contrary to the appellant's contention, the petitioner established that he was a distributee of the decedent (*see* SCPA 1001 [1] [c]). The appellant correctly argues on appeal that she had priority to receive the letters of administration (*see* SCPA 1001 [1] [b]). However, she did not express a willingness to serve as an administrator before the Surrogate's Court and failed to file a cross petition for letters of administration (*see Matter of Page*, 107 NY 266, 270-271 [1887]; *Estate of Chamberlin*, NYLJ, Mar. 30, 2007 at 3, col 1, 2007 NY Misc LEXIS 2308 [Sur Ct, Dutchess County 2007]; *cf. Matter of Jordan*, 89 AD3d 1085, 1085 [2011]; *Matter of Canales Chicas*, 2009 NY Slip Op 31571[U],*5-6 [Sur Ct, Nassau County 2009]). Moreover, the evidence submitted by the petitioner demonstrated that shares allocated to a cooperative apartment were assets of the decedent's estate (*see* SCPA 1002 [2]; *Matter of Tutty*, 46 AD2d 1008, 1008 [1974]; 2-35 Warren's Heaton, Surrogate's Court Practice § 35.01 [5]), since a joint tenancy had been severed in 2002 (*see Beudert-Richard v Richard*, 72 AD3d 101, 105, 111 [2010]; *cf. Galitskaya v Presman*, 92 AD3d 637, 637 [2012]; *Smith v Bank of Am., N.A.*, 103 AD3d 21, 27 [2012]).

The appellant's remaining contentions are either not properly before this Court or without merit.

Accordingly, the Surrogate's Court properly denied the appellant's motion to dismiss the petition and directed that letters of administration be issued to the petitioner. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.

Motion by the petitioner to dismiss an appeal from an order of the Surrogate's Court, Richmond County dated December 2, 2014, on the ground that it has been rendered academic. By decision and order on motion of this Court dated June 23, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied.