In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered February 27, 2015, as granted those branches of the defendant’s motion pursuant to CPLR 3211 (a) which were to dismiss so much of the first cause of action as sought to recover damages for extra work in the sum of $400,629.21, on the ground that the plaintiff failed to serve a timely notice of claim, and for delay costs with respect to revised Proposed Change Order 30, dated October 3, 2003, on the ground that the plaintiff failed to serve a detailed notice of claim.
 

 Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion which was to dismiss so much of the first cause of action as sought to recover damages for extra work in the sum of $400,629.21 on the ground that the plaintiff failed to serve a timely notice of claim, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
 

 The plaintiff entered into a design-build contract with the defendant in June 2001 to construct a school in Brooklyn for a base price of $42,840,000. Over the course of construction, the defendant instructed the plaintiff to complete extra work, resulting in additional costs. The plaintiff, in turn, submitted Proposed Change Orders (hereinafter PCOs) to increase the contract price by specified amounts in order to recoup those increased costs. The plaintiff submitted all but one of the PCOs at issue between December 28, 2001, and July 25, 2003. The plaintiff submitted the remaining PCO dated October 3, 2003, which was a revised version of prior proposals to recoup the same type of costs (hereinafter revised PCO 30, dated October 3, 2003). The defendant agreed to some, but not all, of those proposed increases. The plaintiff executed a certificate of substantial completion on August 27, 2003, and served a notice of claim on November 24, 2003.
 

 Between August 2004 and August 2011, the parties entered into a series of agreements extending the “time for [the plaintiff] to commence legal proceedings and/or serve notices of claim against the [defendant].” The last agreement in this series specified that, “[o]ther than the extension of time to commence an action and/or serve notices of claim and the raising of any notice of claim defenses, the parties hereto do not waive any rights or remedies that they may have under applicable laws.” Critically, the agreement makes no distinction between claims that were already untimely when the notice of claim was served on November 24, 2003, and claims that were not.
 

 The plaintiff commenced this action by summons with notice dated August 23, 2012. The plaintiff’s complaint, dated March 5, 2014, asserted causes of action to recover damages for breach of contract and in quantum meruit, and sought damages in the sum of of $5,065,108.13, allegedly representing the unpaid portion of the contract price plus all of its unresolved PCOs. The defendant moved pursuant to CPLR 3211 (a) to dismiss specific portions of the complaint which sought to recover damages for extra work and delay costs, arguing, among other things, that certain of the plaintiff’s claims were untimely because they accrued when the plaintiff submitted the disputed PCOs, all of which preceded the notice of claim by more than three months. The plaintiff additionally argued that the notice of claim was insufficiently detailed as to the amount demanded in the timely version of revised PCO 30, dated October 3, 2003. The plaintiff opposed these branches of the motion, arguing that its notice of claim was sufficiently detailed as to the amount demanded in revised PCO 30, dated October 3, 2003, and that its remaining claims were timely because they accrued on the date of substantial completion. The Supreme Court granted the defendant’s motion in its entirety. The plaintiff appeals from so much of the order as granted those branches of the defendant’s motion which were to dismiss so much of the cause of action alleging breach of contract as sought to recover damages for extra work in the sum of $400,629.21 and delay costs with respect to revised PCO 30, dated October 3, 2003. We modify.
 

 “On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1041 [2016]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Sasidharan v Piverger, 145 AD3d 814, 815 [2016]). “Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate” (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832 [2014]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Thomas v LaSalle Bank N.A., 79 AD3d 1015, 1017 [2010]). Additionally, in considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1), “the documentary evidence must utterly refute the plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Gould, v Decolator, 121 AD3d 845, 847 [2014]; see Leon v Martinez, 84 NY2d at 88; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d at 1041; Lucia v Goldman, 68 AD3d 1064, 1065 [2009]).
 

 For the reasons set forth in the related appeal decided herewith, although most of the plaintiff’s claims were untimely because they accrued more than three months before the plaintiff served its notice of claim, the Supreme Court improperly granted that branch of the defendant’s motion which was to dismiss those claims for untimeliness, because the parties’ extension agreement was ambiguous as to whether the defendant waived its notice of claim defense (see AMCC Corp. v New York City Sch. Constr. Auth., 154 AD3d 673 [2017] [decided herewith]).
 

 With respect to the timely version of revised PCO 30, dated October 3, 2003, the Supreme Court correctly granted that branch of the defendant’s motion which was to dismiss for lack of a detailed notice of claim. Under Public Authorities Law § 1744 (3), a notice of claim “must set forth in detail. . . (i) the amount of the claim; (ii) a specific and detailed description of the grounds for the claim, relating the dollar amount claimed to the event purportedly giving rise to the claim and indicating how the dollar amount is arrived at; and (iii) the date of the event allegedly underlying the claim.” Here, the notice of claim and the documents it referenced failed to provide a specific and detailed description of how the plaintiff calculated the amount it demanded in revised PCO 30, dated October 3, 2003.
 

 Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.