Medina v Bank of N.Y. Mellon Trust Co., N.A. (2020 NY Slip Op 02649)





Medina v Bank of N.Y. Mellon Trust Co., N.A.


2020 NY Slip Op 02649


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-10817
 (Index No. 715002/16)

[*1]Julio Medina, Jr., etc., appellant, 
v
Bank of New York Mellon Trust Company, N.A., etc., respondent.


Berg & David PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for appellant.
Parker, Ibrahim & Berg LLC, New York, NY (Scott W. Parker and Mitchell S. Kurtz of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered September 28, 2017. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, alleging that the statute of limitations for commencing a foreclosure action had expired. The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order entered September 28, 2017, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Lubonty v U.S. Bank N.A., 159 AD3d 962, 963 [internal quotation marks omitted], affd 34 NY3d 250; see Nonnon v City of New York, 9 NY3d 825, 827; Leon v Martinez, 84 NY2d 83, 87-88). " Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (Lubonty v U.S. Bank N.A., 159 AD3d at 963, quoting Christ the Rock World Restoration Church Intl., Inc. v Evangelical Christian Credit Union, 153 AD3d 1226, 1229; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Contrary to the defendant's contention, the plaintiff's complaint states a cause of action pursuant to RPAPL article 15 to cancel and discharge of record a mortgage. Pursuant to [*2]RPAPL 1501(4), "a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced" (BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d 1375, 1376; see Lubonty v U.S. Bank N.A., 159 AD3d at 963). Here, as the plaintiff contends, the complaint alleges that the plaintiff is the owner of the subject property by virtue of a deed executed by his parents, and that the applicable six-year statute of limitations began to run on June 30, 2008. Furthermore, the evidence submitted by the defendant in support of its motion failed to show beyond significant dispute that any material fact alleged in the complaint was not a fact at all (see generally Matter of Dinger, 150 AD3d 1108, 1108; Cucco v Chabau Café Corp., 99 AD3d 965, 966; Museum Trading Co. v Bantry, 281 AD2d 524, 525; cf. Ditech Fin., LLC v Naidu, 175 AD3d 1387, 1389-1390, lv granted 34 NY3d 910). Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
In light of our determination, the plaintiff's remaining contention need not be addressed.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court