Cajigas v Clean Rite Ctrs., LLC (2020 NY Slip Op 05482)





Cajigas v Clean Rite Ctrs., LLC


2020 NY Slip Op 05482


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2019-08612
 (Index No. 515454/18)

[*1]Melody Cajigas, etc., plaintiff, 
v
Clean Rite Centers, LLC, et al., appellants, Metropolitan Laundry Machinery, Inc., respondent, et al., defendant.


Cascone & Kluepfel, LLP, Garden City, NY (Howard B. Altman of counsel), for appellants.
McCarthy & Associates, Melville, NY (Michael D. Kern of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Clean Rite Centers, LLC, Clean Rite Center-621 4th Avenue, LLC, Edmund Khzam, and Marie Khzam appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated June 21, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Metropolitan Laundry Machinery, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the cross claims of the defendants Clean Rite Centers, LLC, Clean Rite Center-621 4th Avenue, LLC, Edmund Khzam, and Marie Khzam insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Metropolitan Laundry Machinery, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the cross claims of the defendants Clean Rite Centers, LLC, Clean Rite Center-621 4th Avenue, LLC, Edmund Khzam, and Marie Khzam insofar as asserted against it is denied.
The plaintiff, as mother and natural guardian of J.O.S., an infant under 14 years old, and individually, commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by J.O.S. when her finger was cut by a sharp exposed edge on the door of a washing machine located inside a laundromat owned and/or operated by the defendants Clean Rite Centers, LLC, Clean Rite Center-621 4th Avenue, LLC, Edmund Khzam, and Marie Khzam (hereinafter collectively the Clean Rite defendants). The complaint, as amplified by the verified bill of particulars, further alleged that the defendants Metropolitan Laundry Machinery, Inc. (hereinafter Metropolitan), and Alliance Laundry Systems, LLC (hereinafter Alliance), designed, manufactured, and/or distributed the subject washing machine and contracted with the Clean Rite defendants for its sale, installation, maintenance, and/or repair. The complaint included, inter alia, a negligence claim asserted against all of the defendants, as well as breach of warranty and strict products liability claims asserted against Metropolitan and Alliance on behalf of J.O.S.
The Clean Rite defendants interposed an answer to the complaint and asserted cross [*2]claims against the other defendants for contribution, common law and contractual indemnification, and breach of contract to procure insurance and for failure to maintain. Subsequently, Metropolitan moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the Clean Rite defendants' cross claims insofar as asserted against it. The Supreme Court, among other things, granted that branch of Metropolitan's motion, and the Clean Rite defendants appeal.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a pleading for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the proponent the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; Phillips v Taco Bell Corp., 152 AD3d 806, 807; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1040-1041). However, where evidentiary material is submitted and considered on a motion to dismiss a pleading pursuant to CPLR 3211(a)(7), the question becomes whether the proponent of the pleading has a cause of action, not whether the proponent has stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Phillips v Taco Bell Corp., 152 AD3d at 807; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d at 1041). An affidavit submitted by the movant will almost never warrant dismissal under CPLR 3211 unless it establishes conclusively that the proponent of the pleading has no cause of action (see Phillips v Taco Bell Corp., 152 AD3d at 807; Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683). Dismissal should not eventuate unless it has been shown that a material fact as claimed by the proponent to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d at 275; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d at 1041; Bokhour v GTI Retail Holdings, Inc., 94 AD3d at 683).
Here, the affidavit and documentary evidence submitted by Metropolitan in support of that branch of its motion which was pursuant to CPLR 3211(a)(7) to dismiss the Clean Rite defendants' cross claims insofar as asserted against it failed to establish that any material fact as claimed by the Clean Rite defendants in each of its cross claims was not a fact at all and that no significant dispute exists regarding it (see Doe v Ascend Charter Schs., 181 AD3d 648, 648; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d at 1041; Bokhour v GTI Retail Holdings, Inc., 94 AD3d at 683). Therefore, the Supreme Court should have denied that branch of Metropolitan's motion which was pursuant to CPLR 3211(a)(7) to dismiss the Clean Rite defendants' cross claims insofar as asserted against it (see Doe v Ascend Charter Schs., 181 AD3d at 648; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d at 1041).
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court