Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc. v Klestoff (2021 NY Slip Op 08198)





Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc. v Klestoff


2021 NY Slip Op 08198


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2019-09714
 (Index No. 5515/15)

[*1]Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc., etc., et al., appellants, 
v
Sergei Klestoff, etc., respondent, et al., defendants.


Feerick Nugent MacCartney PLLC, South Nyack, NY (Donald J. Feerick, Jr., and Alak Shah of counsel), for appellants.
Victor Timoshenko, Little Neck, NY, for respondent.



DECISION & ORDER
In an action, inter alia, in effect, for conversion, trespass, and to recover possession of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered April 19, 2016. The order granted the motion of the defendant Sergei Klestoff pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiffs' cross motion for leave to amend the caption.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant Sergei Klestoff pursuant to CPLR 3211(a) to dismiss the complaint is denied, and the plaintiffs' cross motion for leave to amend the caption is granted.
The plaintiffs, Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc., Diocese of Eastern America and New York, Most Reverend Metropolitan Hilarion, and His Grace Bishop Nicolas Olhovsky, commenced this action against the defendant Sergei Klestoff, also known as Schismatic Bishop Klestoff (hereinafter the defendant), and "John Does 1-100," alleging that, according to a recorded deed, the plaintiff religious corporation owned the subject church premises located in Richmond Hill, Queens. The plaintiffs also alleged that the defendant had intentionally and illegally taken possession of the church premises and of personal property located inside the church, which the plaintiffs sought to recover. The defendant thereafter moved pursuant to CPLR 3211(a) to dismiss the complaint on the grounds that, inter alia, the defendant, whose name actually is Sidney Klestov, was misidentified in the complaint, that the Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc., also was misidentified in the complaint, and that the named plaintiffs did not own the real property at issue. The plaintiffs cross-moved for leave to amend the caption to reflect that the correct name of the plaintiff identified in the complaint as the Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc., was The Russian Orthodox Church of the Assumption, Inc., and that the defendant's correct name was Sidney Klestov. In support of their cross motion, the plaintiffs submitted a certificate of incorporation for the "Russian Orthodox Church of the Assumption Inc." and a 1968 deed showing that "The Russian Orthodox Church of the Assumption, a religious corporation" owned the real property at issue.
Where the summons and complaint have been served under a misnomer upon the party which the plaintiff intended as the defendant, an amendment will be permitted if the court has acquired jurisdiction over the intended but misnamed defendant provided that the intended but misnamed defendant was fairly apprised that he or she was the party the action was intended to affect, and the intended but misnamed defendant would not be prejudiced (see Stuyvesant v Weil, 167 NY 421, 425-426; Gennosa v Twinco Servs., 267 AD2d 200; CPLR 305[c]). Here, the allegations contained in the complaint fairly apprised Sidney Klestov that he was the intended party defendant, and there is no evidence of any prejudice to him. Likewise, the plaintiffs established that the caption should be amended to correct the name of the Parish of the Holy Assumption Russian Orthodox Greek Church Catholic Church, Inc., to The Russian Orthodox Church of the Assumption, Inc. "'[W]here the right party plaintiff is in court but under a defective name or title as party plaintiff, . . . an amendment correcting the title is permissible'" (Bessa v Anflo Indus., Inc., 148 AD3d 974, 977, quoting Covino v Alside Aluminum Supply Co., 42 AD2d 77, 80). Accordingly, the Supreme Court should have granted the plaintiffs' cross motion for leave to amend the caption to correct the names of the parties.
The Supreme Court also should have denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1040, 1040-1041; see Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). Here, the complaint alleged that the plaintiff religious corporation was the owner of the real property by virtue of a deed submitted by the plaintiffs in opposition to the defendant's motion, as well as the religious items and personal property located on the property. The complaint further alleged that the defendant was present on the real property and was retaining the personal property without authority. The evidence submitted by the defendant in support of his motion failed to show beyond significant dispute that any material fact alleged in the complaint was not a fact at all (see Medina v Bank of N.Y. Mellon Trust Co., N.A., 183 AD3d 633). Accordingly, the court should have denied the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
The defendant's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court