State Farm Fire & Cas. Co. v Capital Sewer, Inc. (2023 NY Slip Op 04995)

State Farm Fire & Cas. Co. v Capital Sewer, Inc.

2023 NY Slip Op 04995

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-08948
 (Index No. 521425/19)

[*1]State Farm Fire & Casualty Company, etc., respondent,
v
Capital Sewer, Inc., et al., appellants.

Bruck LLP, Brooklyn, NY (Yair Bruck of counsel), for appellants.
Law Offices of Stuart D. Markowitz, P.C. (Thomas Torto, New York, NY [Jason Levine], of counsel), for respondent.

DECISION & ORDER
In a subrogation action to recover certain damages paid by the plaintiff to its insured, the defendants appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated October 22, 2020. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendant Hindy Klein.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2019, State Farm Fire & Casualty Company (hereinafter State Farm) commenced this subrogation action against Capital Sewer, Inc., and Hindy Klein (hereinafter together the defendants) to recover damages based on insurance payments made by State Farm to its insured, Nicholas Leonette, for fire damage to certain real property owned by Leonette. State Farm alleged that the fire was caused by the defendants' negligent storage and transfer of fuel at certain real property located near Leonette's property. Thereafter, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated October 22, 2020, the Supreme Court denied the motion. The defendants appeal from so much of the order as denied that branch of their motion which was to dismiss the complaint insofar as asserted against Klein.
"In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, a court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Garcia v Shah, 206 AD3d 626, 629, quoting Leon v Martinez, 84 NY2d 83, 87-88). "'Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (Garcia v Shah, 206 AD3d at 629, quoting Bonavita v Government Empls. Ins. Co., 185 AD3d 892, 893). "An affidavit submitted by the movant will almost never warrant dismissal under CPLR 3211 unless it establishes conclusively that the proponent of the pleading has no cause of action" (Cajigas v Clean Rite Ctrs., LLC, 187 AD3d 700, 701).
Here, an affidavit submitted by Klein in support of the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint failed to establish that a material fact alleged in the complaint was not a fact at all and that no significant dispute exists regarding it (see Cajigas v Clean Rite Ctrs., LLC, 187 AD3d at 701-702; Hartnagel v FTW Contr., 147 AD3d 819, 821).
The defendants' contention that Klein is entitled to dismissal of the complaint insofar as asserted against her because the plaintiff's submissions in opposition to the motion did not establish that Klein caused the fire is without merit. "On a motion made pursuant to CPLR 3211(a)(7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party," and "'[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining [the] motion to dismiss'" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328-1329, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Klein.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court