Truesource, LLC v Niemeyer (2024 NY Slip Op 00094)

Truesource, LLC v Niemeyer

2024 NY Slip Op 00094

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-00222
 (Index No. 605526/21)

[*1]Truesource, LLC, respondent, 
v
Brian J. Niemeyer, et al., appellants.

Akerman LLP, New York, NY (Paul J. Rutigliano of counsel), for appellants.
Squire Patton Boggs (US) LLP, New York, NY (Paul D. Erian of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated December 10, 2021. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In 2021, the plaintiff, a company that provides facility equipment installation and facility operations services, commenced this action against the defendants, Brian J. Niemeyer and Niemeyer's present employer, FrontStreet Facility Solutions, Inc. (hereinafter FrontStreet). The first cause of action, sounding in breach of contract, alleged that Niemeyer violated a noncompete covenant prohibiting him from engaging in any competing business when he accepted a position with FrontStreet, a competitor of the plaintiff. The second cause of action alleged tortious interference with contractual relations based on FrontStreet's solicitation and employment of Niemeyer in violation of the noncompete covenant. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. In an order dated December 10, 2021, the Supreme Court denied the motion, and the defendants appeal.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715). "On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable . . . theory" (id. at 715). Where evidentiary material is submitted and considered with a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Bono v Stim & Warmuth, P.C., 215 AD3d 911).
Here, the Supreme Court properly denied dismissal pursuant to CPLR 3211(a)(1), since the documentary evidence failed to utterly refute the plaintiff's allegation that there was a breach of a valid noncompete covenant and conclusively establish a defense as a matter of law (see McDonald v O'Connor, 189 AD3d 1208, 1210; see also BDO Seidman v Hirshberg, 93 NY2d 382). The court also properly denied dismissal pursuant to CPLR 3211(a)(7) because the defendants failed to establish that the plaintiff did not have causes of action to recover damages for breach of contract or tortious interference with a contract. The evidentiary submissions failed to demonstrate that the plaintiff's allegation that there was a breach of a valid noncompete covenant was not a fact at all and that no significant dispute exists regarding it (see BDO Seidman v Hirshberg, 93 NY2d 382; Cajigas v Clean Rite Ctrs., LLC, 187 AD3d 700, 702).
The defendants' remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court