Katsorhis v 718 W. Beech St, LLC (2025 NY Slip Op 00211)

Katsorhis v 718 W. Beech St, LLC

2025 NY Slip Op 00211

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-01438
 (Index No. 605865/22)

[*1]Valerie Katsorhis, et al., respondents, 
v
718 West Beech St, LLC, et al., defendants, Up Studio Architecture + Design, PLLC, et al., appellants.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Valerie H. Nemcheninova and Patrick F. Palladino of counsel), for appellants.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (David L. Hamill of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants Up Studio Architecture + Design, PLLC, and John Patrick Winberry appeal from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), entered January 4, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a) to dismiss the third cause of action insofar as asserted against the defendant John Patrick Winberry and the fifth and sixth causes of action insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Up Studio Architecture + Design, PLLC, and John Patrick Winberry which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On May 4, 2022, the plaintiffs commenced this action against, among others, the defendants Up Studio Architecture + Design, PLLC (hereinafter Up Studio), and John Patrick Winberry (hereinafter together the Up Studio defendants) to recover damages for alleged construction defects that caused severe leaks and water intrusion around various windows in the plaintiffs' newly constructed, single-family residence located in Long Beach (hereinafter the property). The plaintiffs asserted, inter alia, causes of action alleging negligence (third cause of action), fraud (fifth cause of action), and violations of General Business Law §§ 349 and 350 (sixth cause of action).
In November 2016, the defendant 718 West Beech St, LLC (hereinafter 718 West Beech), entered into an architectural services agreement (hereinafter the architecture agreement) with Up Studio, pursuant to which Up Studio agreed to provide architectural design and production drawings to 718 West Beech for the construction of the property. Up Studio also agreed to provide 718 West Beech with schematic, electrical, mechanical, civil, and landscape drawings for design build bidding.
On or about February 17, 2017, the plaintiffs entered into a contract of sale to purchase the property, which was still under construction, from 718 West Beech. Winberry, a licensed architect, allegedly owned and/or was a principal of both 718 West Beech and Up Studio. The plaintiffs alleged that Winberry was to inspect the work and ensure that the designs were executed properly. According to the plaintiffs, 718 West Beech, Up Studio, and Winberry were collectively engaged in the business of real estate sales, property development, architectural design, and new home construction. On or about July 21, 2017, the plaintiffs paid the purchase price in the sum of $1,150,000 for the property, and 718 West Beech conveyed the property to the plaintiffs.
The plaintiffs alleged that beginning in July 2019, they discovered leaks and water intrusion around various windows in the property. The plaintiffs alleged that they notified Winberry about the recurring leaks and that over the course of approximately the following two years, Winberry was "heavily involved in coordinating the inspections, corrective work, and restoration." In October 2021, the plaintiffs allegedly were told that the leaks were occurring because the windows and associated materials, hardware, and components were not installed on the property in accordance with the architect's detail and the sheathing manufacturer's specifications. Thereafter, the plaintiffs commenced this action.
The Up Studio defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. In support of the motion, the Up Studio defendants submitted, among other things, an affidavit from Winberry and the architecture agreement between Up Studio and 718 West Beech. In opposition, the plaintiffs submitted, inter alia, an affidavit from the plaintiff Valerie Katsorhis. In an order entered January 4, 2023, the Supreme Court, among other things, denied those branches of the Up Studio defendants' motion which were to dismiss the third cause of action insofar as asserted against Winberry and the fifth and sixth causes of action insofar as asserted against them. The Up Studio defendants appeal.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered documentary, evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86 [internal quotation marks omitted]). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653 [internal quotation marks omitted]).
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, "unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). Moreover, the court may consider affidavits submitted by the pleading party to remedy any defects in the pleading, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true (see Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797; Pike v New York Life Ins. Co., 72 AD3d 1043, 1049).
"To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages" (Davila v Orange County, 215 AD3d 632, 633-634 [internal quotation marks omitted]). Here, construing the allegations in the complaint in the light most favorable to the plaintiffs, as supplemented by Katsorhis's affidavit, the complaint adequately stated a cause of action alleging negligence against Winberry. Winberry's affidavit failed to establish that a material fact alleged in the complaint concerning the negligence cause of action insofar as asserted against Winberry was not a fact at all and that no significant dispute exists regarding it (see Jesberger v CVS Health Solutions, LLC, 222 [*2]AD3d 849, 850-851; State Farm Fire & Cas. Co. v Capital Sewer, Inc., 220 AD3d 701, 702). In addition, the architecture agreement between Up Studio and 718 West Beech was insufficient to utterly refute the plaintiffs' allegations of negligence against Winberry (see Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d 923, 925). Accordingly, the Supreme Court properly denied that branch of the Up Studio defendants' motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, alleging negligence, insofar as asserted against Winberry.
In addition, the Supreme Court properly denied that branch of the Up Studio defendants' motion which was pursuant to CPLR 3211(a) to dismiss the fifth cause of action, alleging fraud, insofar as asserted against them. The elements of a cause of action to recover damages for fraud are "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). "A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (id.). "[T]he pleading requirements of CPLR 3016(b) may be met when the facts are sufficient to permit a reasonable inference of the alleged conduct" (Qureshi v Vital Transp., Inc., 173 AD3d 1076, 1077), and the statute "should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud" (Farro v Schochet, 190 AD3d 698, 699 [internal quotation marks omitted]). Here, construing the allegations in the complaint in the light most favorable to the plaintiffs, as supplemented by Katsorhis's affidavit, the complaint stated in sufficient detail a cause of action to recover damages for fraud against the Up Studio defendants (see id. at 700). Moreover, Winberry's affidavit failed to establish that a material fact alleged in the complaint concerning the fraud cause of action insofar as asserted against the Up Studio defendants was not a fact at all and that no significant dispute exists regarding it (see State Farm Fire & Cas. Co. v Capital Sewer, Inc., 220 AD3d at 702), and the architecture agreement was insufficient to utterly refute the plaintiffs' factual allegations of fraud against the Up Studio defendants (see Phoenix Grantor Trust v Exclusive Hospitality, LLC, 172 AD3d at 925).
However, the Supreme Court erred in denying that branch of the Up Studio defendants' motion which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action, alleging violations of General Business Law §§ 349 and 350, insofar as asserted against them. "To successfully assert a claim under General Business Law § 349 or § 350, a party must allege that its adversary has engaged in consumer-oriented conduct that is materially misleading, and that the party suffered injury as a result of the allegedly deceptive act or practice" (Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d 663, 664-665). "'[P]arties . . . must, at the threshold, charge conduct that is consumer oriented'" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11-12, quoting New York Univ. v Continental Ins. Co., 87 NY2d 308, 320). "Private contract disputes, unique to the parties, . . . [do] not fall within the ambit of the statute" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25; see New York Univ. v Continental Ins. Co., 87 NY2d at 320). A "single shot transaction" (Genesco Entertainment v Koch, 593 F Supp 743, 752 [SD NY] [internal quotation marks omitted]), which is "tailored to meet the purchaser's wishes and requirements" (New York Univ. v Continental Ins. Co., 87 NY2d at 321), "does not, without more, constitute consumer-oriented conduct for the purposes of [General Business Law §§ 349 and 350]" (North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d at 12; see Abraham v Torati, 219 AD3d 1275, 1281). Here, the complaint, even as supplemented by Katsorhis's affidavit, failed to sufficiently allege that the Up Studio defendants engaged in a consumer-oriented deceptive act or practice (see Keshin v Montauk Homes, LLC, 162 AD3d 758, 760-761; JP Morgan Chase Bank, N.A. v Hall, 122 AD3d 576, 581; Canario v Gunn, 300 AD2d 332, 333). Therefore, the complaint failed to state a cause of action alleging violations of General Business Law §§ 349 and 350 against the Up Studio defendants.
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court