■    SUSAN GOEDEL, Appellant, v LOWELL HOLDING CORP., Respondent.— Order, Supreme Court, New York County, entered September 4, 1979, granting plaintiff's motion for a temporary injunction upon the posting of an undertaking in the sum of $500 to the extent of enjoining the defendant *pendente lite* from denying the plaintiff's electrical contractor reasonable access to the building to install the necessary wiring for plaintiff's separate electric current supply, unanimously modified, on the law, to the extent of striking the provision for the posting of the $500 undertaking and, as so modified, affirmed, without costs and disbursements. Paragraph 44 of the lease between the parties by its terms is made "subject to provisions of Par. 12." Paragraph 12 provides, *inter alia,* that the "Landlord reserves the right to terminate the furnishing of electricity at any time, upon thirty (30) days written notice to the Tenant, in which event, the Tenant may make application directly to the utility company servicing the building for the Tenant's entire separate supply." The fact that the landlord has not heretofore charged the tenant any additional rent for electric service does not alter the landlord's rights under the lease. With respect to the allegations on the tenant's part of harassment by the landlord, such issue must await a plenary trial. However, Special Term erred in imposing on plaintiff the obligation to post a $500 undertaking as a condition for enjoining the defendant from interfering with the plaintiff's exercise of her contractual rights as tenant under the lease. Pursuant to the lease agreement, plaintiff has a right to have the utility company servicing the building install a separate electricity supply to service her needs. The landlord as party to that agreement may not unjustly and unreasonably interfere with the proper exercise by the tenant of that contractual right and may be enjoined from doing so. Concur—Sandler, J. P., Bloom, Markewich, Lupiano and Silverman, JJ.

■    WALTER C. KRETZER, JR., Respondent, v DOROTHEA J. KRETZER et al., Appellants, et al., Defendant.—Judgment, Supreme Court, New York County, granting plaintiff's motion for summary judgment and directing distribution of escrow funds, is unanimously reversed, on the law, without costs; plaintiff's motion for summary judgment pursuant to CPLR 3213 is denied; and the parties are directed to proceed by formal pleadings and plaintiff is directed to serve a complaint within 20 days after service of a copy of the order hereon with notice of entry. The escrow agreement is not an instrument for the payment of money only within the meaning of CPLR 3213. Therefore a *motion for summary judgment in lieu of complaint* under CPLR 3213 does not lie. This determination is without prejudice to any motion for summary judgment after formal pleadings have been served. Concur—Sullivan, J. P., Bloom, Markewich, Silverman and Ross, JJ.

■    In the Matter of ALVIN CUMBERBATCH, Petitioner, v NEW YORK STATE ATTORNEY-GENERAL et al., Respondents.—Application for an order, pursuant to CPLR article 78, unanimously denied and the petition dismissed as academic, without costs and without disbursements. No opinion. Concur —Sullivan, J. P., Bloom, Lane, Lupiano and Ross, JJ.

■    SHAO FEN CHIN, Individually and as Administrator of the Estate of KE-SIEN CHIN, Deceased, Petitioner, v EUGENE R. WOLIN et al., Respondents. —Application for an order, pursuant to CPLR article 78, unanimously denied, the cross motion granted and the petition dismissed, without costs and without disbursements. No opinion. Concur—Kupferman, J. P., Birns, Silverman, Ross and Lynch, JJ.

■    SHAO FEN CHIN, Petitioner, v HILDA G. SCHWARTZ et al., Respon-