■ ISRAEL GRINBLAT, Respondent, v LOUIS TAUBENBLAT, Appellant. — In an action to recover damages for breach of an escrow agreement, defendant appeals from an order of the Supreme Court, Kings County (Vaccaro, J.), dated September 1, 1983, which granted plaintiff's motion for summary judgment pursuant to CPLR 3213 and denied defendant's cross motion to dismiss the complaint for failure to state a cause of action and for failure to join an indispensable party.

Order modified, by deleting the provision thereof granting plaintiff's motion for summary judgment and substituting therefor a provision denying said motion, with leave to renew after joinder of issue, if plaintiff be so advised. As so modified, order affirmed, with costs to plaintiff. Defendant's time to answer is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry.

Pursuant to a contract of sale of real property, plaintiff vendee deposited the sum of $10,000 with defendant, the vendor's attorney, to be held in escrow "until closing of title". In spite of several demands by plaintiff that, due to the vendor's breach of the contract of sale, defendant deposit the funds with the court, defendant released the moneys to the vendor's nominee on June 9, 1983, 11 days before the actual closing. Plaintiff then commenced this action by the simultaneous service of a summons and complaint and order to show cause seeking, *inter alia,* an order "directing said Defendant to deliver to the Plaintiff, the sum of $10,000.00 presently held by him as an escrowee, in contravention to a Judgment of Specific Performance".

CPLR 3213 permits a plaintiff to move for summary judgment prior to joinder of issue only where the action is based upon an instrument for the payment of money only or upon any judgment. If based upon the latter, the judgment must be against the same party as the present defendant (4 Weinstein-Korn-Miller, NY Civ Prac, par 3213.04). The only prior judgment at bar is that of specific performance entered against the vendor. Moreover, an escrow agreement is not an instrument for the payment of money only (*Kretzer v Kretzer,* 73 AD2d 551; *Guele v Scaiano,*

56 Misc 2d 1040). Accordingly, Special Term improperly entertained plaintiff's motion for summary judgment prior to joinder of issue.

The complaint states a viable cause of action against defendant for breach of the escrow agreement and for breach of defendant's fiduciary duty as escrowee. An escrow agent is charged with the duty not to deliver the escrow deposit to anyone except upon strict compliance with the conditions imposed and he is subject to damages for his failure to so act (*Farago v Burke,* 262 NY 229). Defendant released the funds 11 days prior to the closing, in direct contravention of the agreement. Furthermore, the record establishes that defendant was well aware of vendor's breach of contract concerning the existing liens against the realty. As a fiduciary, defendant had a strict obligation to protect the rights of both parties (see *Bardach v Chain Bakers,* 265 App Div 24, affd 290 NY 813). Under these circumstances, Special Term properly denied defendant's motion to dismiss for failure to state a cause of action.

We also hold that the vendor is not a necessary party to this action. The issues at bar concern defendant's alleged breach of the escrow agreement and his alleged breach of his fiduciary duties owed to plaintiff. The obligations owed by the vendor to plaintiff have already been litigated and finally determined by the judgment of specific performance. The vendor will not be affected by any determination in this action and, accordingly, he is not an indispensable party (CPLR 1001, subd [a]). Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.