■ LEONID LEVIT, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [764 NYS2d 452] —In an action to compel payment of insurance proceeds arising from the plaintiff's recovery of a judgment in an underlying action entitled *Levit v Chin* in the Supreme Court, Kings County, under Index No. 29428/92, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered April 5, 2002, as denied his motion for summary judgment to recover the principal sum of $6,436,052.80, and granted that branch of the defendant's cross motion which was to limit the plaintiff's recovery to the principal sum of $750,000 plus interest which accrued on that amount while it was held in escrow, and (2) a judgment of the same court dated June 11, 2002, which is in favor of the defendant and against him dismissing the complaint and awarding him the principal sum of $750,000 paid by Allstate into escrow plus interest accruing thereon while it was deposited in an escrow account.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof dismissing the complaint; as so modified, the judgment is affirmed, without costs or disbursements, the complaint is reinstated, and the

matter is remitted to the Supreme Court, Nassau County, to compute the interest which accrued on the full amount of the judgment in the underlying action entitled *Levit v Chin,* in the Supreme Court, Kings County, under Index No. 29428/92 from the date of entry of that judgment until Allstate Insurance Company's deposit of $750,000 into escrow and for entry of an amended judgment awarding the plaintiff interest on the full amount of the judgment for that period of time, and the order is amended accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff's brother and ward, Alexander Levit, recovered a judgment in the sum of $24,727,616.22 against Alexander Chin in an underlying personal injury action entitled *Levit v Chin,* under Kings County Index No. 29428/92. Prior to the entry of judgment in that action, Alexander Chin's insurance carrier Allstate Insurance Company (hereinafter Allstate) offered to settle the underlying action for $500,000, which constituted the policy limits. The offer was rejected. Additional offers to settle the action were made subsequent to entry of judgment in that action.

Approximately two months after the judgment in the underlying action was entered, Allstate forwarded $750,000 to its attorney to be held in escrow "pending an appointment of a guardian" for Alexander Levit. Thereafter Leonid Levit was appointed guardian for his brother Alexander Levit and commenced the instant action to recover the $500,000 policy limits, costs, and interest which accrued on the full amount of the judgment in the underlying action.

Allstate's obligation to pay accrued interest is governed by the terms of its insurance policy which requires it to pay "all costs taxed against the 'insured' in any 'suit' we defend" and "all interest on the full amount of any judgment that accrues after entry of the judgment in any 'suit' we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance." The terms of that provision may not be interpreted less generously to the rights of the insured than 11 NYCRR 60-1.1 (b) which requires an insurance carrier to pay "[A]ll costs taxed against the insured in any [lawsuit], and all interest accruing after entry of judgment until the insurer has

paid or tendered or deposited in court such part of such judgment as does not exceed the applicable policy limits" (*see Dingle v Prudential Prop. & Cas. Ins. Co.,* 85 NY2d 657 [1995]).

Allstate's offers to settle the action were not unconditional, and consequently did not satisfy the definition of tender required by the regulation (*see Fama v Metropolitan Prop. & Cas. Ins. Co.,* 242 AD2d 663 [1997]; *see Welhoff v Farm Bur. Town & Country Ins. Co.,* 54 SW3d 589 [Mo 2001]; *Safeway Ins. Co. of Ala. v Amerisure Ins. Co.,* 707 So 2d 218 [Ala 1997]; *Davis v Allstate Ins. Co.,* 434 Mass 174, 747 NE2d 141 [2001]). However, Allstate's placement of $750,000 in escrow subsequent to the entry of judgment satisfied the definition of payment within the meaning of the policy (*see Providence Wash. Ins. Co. of Alaska v Fireman's Fund Ins. Cos.,* 778 P2d 200 [Alaska 1989]). Payment could not be made to Alexander Levit directly, since concededly he was not mentally or physically capable of receiving it. In its letter to the plaintiff's attorney, Allstate stated that that sum was placed in escrow "pending appointment of a guardian" for Alexander Levit without specifying any additional conditions. The fact that the money was placed in the insured's attorney's escrow account is of no consequence, since the attorney owed a fiduciary obligation to "anyone with a beneficial interest in the trust" (*Takayama v Schaefer,* 240 AD2d 21, 25 [1998]), including Alexander Levit and any guardian appointed to act on his behalf.

The $750,000 deposited in escrow was well in excess of the policy limits of $500,000, but was not sufficient to cover interest on the full amount of the judgment which accrued since entry of the judgment two months earlier. In determining whether payment of the policy limits is sufficient to stop the clock on the accrual of interest against the insurance carrier, one must look to the language of the policy (*see Grimes v Swaim,* 971 F2d 622 [1992]).

Here, to stop the clock on the accrual of interest, the policy in issue requires payment of "our Limit of Insurance." The policy specifically states that Allstate's obligation to pay interest and costs is *"[i]n addition to* the Limit of Insurance" (emphasis supplied). Similarly, 11 NYCRR 60.1.1 (b) provides that interest shall continue to accrue until payment of "such part of such judgment as does not exceed the applicable policy limits" and states that interest and costs incurred "shall be payable * * * in addition to the applicable policy limits." Accordingly, the terms "Limit of Insurance" and "applicable policy limits" do not include interest and costs. Payment of the policy limits of $500,000 into escrow stopped the clock on the accrual

of further interest on the full amount of the judgment (*see Allegheny Airlines v Forth Corp.,* 663 F2d 751, 755, 756 [1981]; *Draper v Great Am. Ins. Co.,* 224 Tenn 552, 458 SW2d 428, 432 [1970]; *Levin v State Farm Mut. Auto. Ins. Co.,* 510 SW2d 455, 461 [Mo 1974]).

Although Allstate's payment of in excess of $500,000 in escrow stopped the clock on the running of interest on the full amount of the judgment, the $750,000 deposited in escrow was not sufficient to satisfy Allstate's entire obligation. Allstate's obligation to the plaintiff includes the policy limits of $500,000, court costs of $1,425, and interest which accrued on the full amount of the judgment from the date of entry of the judgment in the underlying action until the deposit of the $750,000 in escrow. The matter is remitted to the Supreme Court, Nassau County, to calculate that amount, and for entry of an amended judgment accordingly. Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.