LANCER INSURANCE COMPANY, Appellant, v SUNRISE REMOVAL, INC., et al., Defendants, and ROSLYN SCHIFFER, Respondent. [914 NYS2d 174]—

In an action, inter alia, for a judgment declaring that, pursuant to a commercial automobile liability policy issued by it, the plaintiff is obligated to pay to the defendant Roslyn Schiffer only the policy liability limit of $100,000, without interest, in connection with a judgment entered in an action entitled *Schiffer v Sunrise Removal, Inc.*, under Kings County index No. 44149/03, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Iannacci, J.), dated January 22, 2010, which granted the defendant Roslyn Schiffer's motion for summary judgment on her counterclaim pursuant to Insurance Law § 3420 to award her the limit of the subject policy plus interest on the entire judgment in the underlying action, and denied its cross motion for summary judgment declaring that its liability is limited to $100,000, and (2) a judgment of the same court dated March 24, 2010, which, upon the order, is in favor of the defendant Roslyn Schiffer and against it in the principal sum of $224,892.07.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that the plaintiff is obligated to

pay to the defendant Roslyn Schiffer the policy limit plus interest on the full amount of the judgment in the underlying personal injury action; as so modified, the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Roslyn Schiffer.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the statement of its attorney at the trial of the underlying personal injury action that "the policy was offered" was insufficient to terminate its obligation to pay interest on the ensuing judgment in that action. Construing the plaintiff's unambiguous policy provision regarding the payment of interest in accordance with the plain and ordinary meaning of its language (see *White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]), it is clear that the subject provision contemplates the existence of a judgment before the plaintiff's obligation to pay interest could be terminated by the payment of, offer to pay, or depositing in court of, its share of that judgment. Accordingly, the subject policy did not provide a mechanism for the extinguishment of the plaintiff's obligation to pay interest before the existence of a final judgment in the action. In any event, the statement of the plaintiff's attorney did not satisfy the requirements of a valid and unconditional tender under the governing insurance regulation (see 11 NYCRR 60-1.1 [b]; *Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d 1348, 1356 [2009]; *Levit v Allstate Ins. Co.*, 308 AD2d 475, 476-477 [2003]; *Michaels v United States Tennis Assn.*, 295 AD2d 222 [2002]; *Jamaica Sav. Bank v Sutton*, 42 AD2d 856, 857 [1973]).

The Supreme Court properly determined that the plaintiff's policy obligation to pay interest was more generous than the obligation imposed by the applicable regulation, and that the plaintiff was, therefore, obligated to pay interest on the full amount of the underlying judgment rather than on the amount of its policy limit (see e.g. *Levit v Allstate Ins. Co.*, 308 AD2d 475 [2003]).

The plaintiff's remaining contentions are without merit.

Since this is a declaratory judgment action, the Supreme Court, Nassau County, should have included in the judgment appealed from an appropriate declaration in favor of the plaintiff (see *Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed*

371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Covello, Angiolillo and Lott, JJ., concur.