■ GIOVANNI BAQUERIZO et al., Appellants, v VIVIANA MONASTERIO, Respondent. [933 NYS2d 869]—

An escrow agent "not only has a contractual duty to follow the escrow agreement, but additionally becomes a trustee of anyone with a beneficial interest in the trust" (*Takayama v Schaefer*, 240 AD2d 21, 25 [1998]). Accordingly, the escrow agent has a duty not to deliver the property held in escrow to anyone except upon "strict compliance with the conditions imposed" in the escrow agreement (*id.* at 25 [internal quotation marks omitted]). "Thus, an escrow agent can be held liable for breach of the escrow agreement and breach of fiduciary duty as escrowee" (*id.* at 25; *see Grinblat v Taubenblat*, 107 AD2d 735 [1985]). An attorney holding funds in escrow owes a fiduciary duty "to 'anyone with a beneficial interest in the trust' " (*Levit v Allstate Ins. Co.*, 308 AD2d 475, 477 [2003], quoting *Takayama v Schaefer*, 240 AD2d at 25).

While we disagree with the Supreme Court's reliance upon lack of privity as a basis for dismissing the causes of action sounding in breach of the subject escrow agreement, breach of the duty of good faith and fair dealing, and breach of fiduciary duty, the defendant's motion to dismiss those causes of action was properly granted, pursuant to CPLR 3211 (a) (1). The documentary evidence submitted on the motion included the escrow agreement, which contained an exculpatory clause that bound the plaintiffs and waived any liability against the defendant except for gross negligence or willful misconduct (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 553 [1992]). Furthermore, the complaint did not contain any factual allegations of gross negligence or willful misconduct, and the documentary ev-

idence "conclusively establishe[d]" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]) that the defendant was not grossly negligent, did not engage in willful misconduct, and did not breach the escrow agreement, but instead properly disbursed the escrow funds upon receipt of notification from the plaintiffs specifically authorizing their release (*see generally Abrahams v Commonwealth Land Tit. Ins. Co.*, 81 AD3d 759 [2011]). Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.