(March 15, 2012)

■ RICHARD T. FITZSIMMONS et al., Respondents, v PRYOR CASHMAN LLP et al., Appellants. [940 NYS2d 254]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered March 10, 2011, which, in a legal malpractice action alleging, among other things, that defendants failed to notify plaintiffs of information indicating that money may have been misappropriated from the benefit funds of which plaintiffs were trustees, denied defendants' motion to dismiss the complaint based on documentary evidence and for failure to state a cause of action, unanimously affirmed, without costs.

The court applied the correct standard and properly held that the complaint states a cause of action for legal malpractice. Plaintiff put forth sufficient detail to establish the negligence of the attorneys, that the negligence was the proximate cause of the losses sustained by the benefit funds, and actual damages to those funds (*see Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]; *O'Callaghan v Brunelle*, 84 AD3d 581, 582 [2011], *lv denied* 18 NY3d 804 [2012]). Contrary to defendants' contention, plaintiffs were not required to allege the specific scope of defendants' agreed-upon legal representation or that defendant's malpractice fell within such scope (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 39 [2006] ["(A) legal malpractice plaintiff need not, in order to assert a viable cause of action, specifically plead that the alleged malpractice fell within the agreed scope of the defendant's representation"]). Moreover, the documentary evidence—including Form 5500s, minutes of a 1997 board meeting, and Department of Labor letters—does not conclusively disprove plaintiffs' allegations (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Plaintiffs' expert affidavit was properly considered to remedy any defects in the complaint (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Román, JJ.

---

The decision and order of this Court entered herein on November 17, 2011 (89 AD3d 555 [2011]) is hereby recalled and vacated (*see* 2012 NY Slip Op 67317[U] [2012] [decided simultaneously herewith]).