■ SARALA SASIDHARAN et al., Respondents, v JACQUES-PHILIPPE PIVERGER et al., Defendants, and O'KEKE & ASSOCIATES, P.C., et al., Appellants. [44 NYS3d 85]—

In an action, inter alia, to recover damages for breach of an escrow agreement and breach of fiduciary duty, the defendants O'Keke & Associates, P.C., and Patrick O'Keke appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated June 3, 2014, as denied that branch of their motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2010, the defendant Ask Capital, Inc. (hereinafter ACI), sought to purchase a multifamily apartment building with the intention of renovating it and reselling it at a profit. ACI borrowed funds for the renovation work from the plaintiffs, and, in January 2011, executed a note in favor of the plaintiffs in the sum of $150,000. A quitclaim deed to the subject property was to be held in escrow, pursuant to an escrow agreement, by the defendant O'Keke & Associates, P.C., as security for the note. In February 2013, the plaintiffs commenced this action against O'Keke & Associates, P.C., and the defendant Patrick O'Keke (hereinafter together the defendants), among others, inter alia, to recover damages for breach of the escrow agreement and breach of fiduciary duty. The plaintiffs alleged that

the defendants failed to deliver the quitclaim deed to the subject property to the plaintiffs upon their demand, and assisted in selling that property to a third party without acknowledging the plaintiffs' lien. In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. The defendants appeal.

In considering a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d 1040, 1041 [2016]; *Clarke v Laidlaw Tr., Inc.*, 125 AD3d 920, 921 [2015]). Where, as here, evidentiary material is submitted in support of the motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]). On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) on the ground that the action is barred by documentary evidence, "the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Leon v Martinez*, 84 NY2d at 88; *T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d at 1041; *Lucia v Goldman*, 68 AD3d 1064, 1065 [2009]).

"An escrow agent 'not only has a contractual duty to follow the escrow agreement, but additionally becomes a trustee of anyone with a beneficial interest in the trust' " with "a duty not to deliver the property held in escrow to anyone except upon 'strict compliance with the conditions imposed' in the escrow agreement" (*Baquerizo v Monasterio*, 90 AD3d 587, 587 [2011], quoting *Takayama v Schaefer*, 240 AD2d 21, 25 [1998]). "Thus, an escrow agent can be held liable for breach of the escrow agreement and breach of fiduciary duty as escrowee" (*Takayama v Schaefer*, 240 AD2d at 25; *see Baquerizo v Monasterio*, 90 AD3d at 587; *Grinblat v Taubenblat*, 107 AD2d 735,

736 [1985]). Here, the complaint, as supplemented by the evidentiary material submitted by the plaintiffs in opposition to the motion, set forth cognizable causes of action to recover damages for breach of the escrow agreement and breach of fiduciary duty insofar as asserted against the defendants (*see Grinblat v Taubenblat*, 107 AD2d at 736; *see generally Shah v Exxis, Inc.*, 138 AD3d 970, 972-973 [2016]). The evidence submitted by the defendants in support of their motion to dismiss the complaint insofar as asserted against them failed to demonstrate that a material fact as claimed by the plaintiffs was not a fact at all, and did not utterly refute the plaintiffs' factual allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.