Frances Malloy, Plaintiff-Appellant, 
against
Ihab Tartir, Thor 1001 Third Avenue LLC, Royal Abstract of New York LLC, Prestige Title Agency Inc., Defendants-Respondents.



Plaintiff, as limited by her brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Dakota D. Ramseur, J.), entered June 19, 2018, which granted the preanswer cross motion of defendant Prestige Title Agency Inc. to dismiss the complaint as against it.




Per Curiam.
Order (Dakota D. Ramseur, J.), entered June 19, 2018, modified to reinstate the causes of action for breach of the escrow agreement and breach of fiduciary duty; as modified, order, insofar as appealed from, affirmed, without costs. 
The parties dispute whether defendant title insurance company properly disbursed escrow funds to satisfy Environmental Control Board [ECB] violations on property never owned by plaintiff and not referenced in the escrow agreement. We find that it was error for the court to dismiss plaintiff's causes of action for breach of the escrow agreement and breach of fiduciary duty on documentary evidence pursuant to CPLR 3211(a)(1) and (7). The documentary evidence relied upon by defendant failed to "utterly refute[]" plaintiff's claims of improper disbursement of escrow funds (Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002]; see also Leon v Martinez, 84 NY2d 83, 88 [1994]), nor did it conclusively establish that plaintiff had an obligation to remove all the ECB violations and civil penalties issued against an Atlantic Avenue property referenced in the title report that was never owned by plaintiff, or explicitly listed by either street address or block and lot number within the escrow agreement (see generally Sasidharan v Piverger, 145 AD3d 814 [2016]; Takayama v Schaefer, 240 AD2d 21, 25 [1998]).
Plaintiff's negligence claim was properly dismissed, since it is duplicative of the breach of escrow agreement claim (see Wildenstein v 5H & Co, Inc., 97 AD3d 488, 491-492 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 05, 2019