Willoughby Rehabilitation & Health Care Ctr., LLC v Webster (2021 NY Slip Op 00326)





Willoughby Rehabilitation & Health Care Ctr., LLC v Webster


2021 NY Slip Op 00326


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
HECTOR D. LASALLE
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-02242
2017-05872
 (Index No. 12431/04)

[*1]Willoughby Rehabilitation and Health Care Center, LLC, et al., plaintiffs-appellants, 
v
Helen Webster, defendant; Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, nonparty-appellant; Stanley Joseph, etc., et al., nonparty-respondents.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, named herein as Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success, NY (Robert Spolzino, Howard Fensterman, David J.Kaplan, and Law Offices of Steven Cohn, P.C., of counsel), nonparty-appellant pro se and for plaintiffs-appellants (one brief filed).
Fryman, P.C., Valley Stream, NY (David J. Fryman and Lynn, Gartner, Dunne & Covello, LLP [Kenneth L. Gartner and Joseph Covello], of counsel), for nonparty-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, (1) the plaintiffs appeal from an order of the Supreme Court, Nassau County (Thomas Dana, Ct. Atty. Ref.), entered January 25, 2017, and (2) the plaintiffs and nonparty Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, appeal from an order of the same court dated April 27, 2017. The order entered January 25, 2017, after a hearing, inter alia, granted the motion of nonparty Stanley Joseph, as the executor of the estate of Martin Farbenblum, to be substituted for nonparty Martin Farbenblum, and granted the separate motion of certain nonparties to discharge nonparty Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, as attorney for nonparties Stanley Joseph, as the executor of the estate of Martin Farbenblum, and Anthony Bacchi. The order dated April 27, 2017, granted the motion of nonparties Stanley Joseph, as the executor of the estate of Martin Farbenblum, and Anthony Bacchi to compel nonparty Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, to produce certain documents.
ORDERED that the orders are affirmed, with costs.
In 2004, the plaintiffs, consisting of nine limited liability companies and one corporation, which operate skilled nursing home facilities in the New York metropolitan area, commenced this action against the defendant to recover damages for her alleged breach of their operating agreements and her fiduciary duty in failing to execute certain financial documents and to contribute her proportionate share of additional capital (see Willoughby Rehabilitation & Health Care Ctr. , LLC v Webster, 46 AD3d 801). In 2008, the parties entered into a complex so-ordered [*2]stipulation settling this action and other related actions, including an action referred to in the stipulation as the "Avalon Action." As part of the settlement, the defendant and other individuals (hereinafter the buyers) were to, inter alia, purchase interests in certain plaintiff entities, including New Franklin Rehabilitation and Health Care Facility, LLC (hereinafter New Franklin), and Fort Tryon Rehabilitation and Health Care Facility (hereinafter Fort Tryon) (see Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 134 AD3d 811).
Nonparty Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP (hereinafter the law firm), signed a stipulation on behalf of the defendants in the Avalon Action, including Anthony Bacchi and Martin Farbenblum. The stipulation required the buyers to purchase New Franklin and Fort Tryon pursuant to membership interest purchase agreements (hereinafter purchase agreements) that were annexed to the stipulation. Bacchi and Farbenblum, who owned interests in New Franklin and Fort Tryon, were also parties to these purchase agreements.
In November 2015, Bacchi and Farbenblum moved, inter alia, to discharge the law firm as their attorney. Farbenblum died on January 11, 2016, and Stanley Joseph was appointed as executor of his estate on March 25, 2016. By order to show cause dated October 12, 2016, Joseph moved to substitute himself as representative to Farbenblum's estate for Farbenblum. By order entered January 25, 2017, after a hearing, the Supreme Court, inter alia, substituted Joseph, as the executor of the estate of Martin Farbenblum, for Farbenblum, and discharged the law firm as attorney for Joseph and Bacchi. In December 2016, Joseph and Bacchi moved to compel the law firm to produce all documents created or obtained in connection with the instant action, and, in an order dated April 27, 2017, the court granted the motion. The plaintiffs appeal from the order entered January 25, 2017, and the plaintiffs and the law firm appeal from the order dated April 27, 2017.
Initially, contrary to the appellants' contention, the failure to first effect substitution before conducting the hearing was a mere irregularity which, in the absence of prejudice, did not render the hearing a nullity (see Wichlenski v Wichlenski, 67 AD2d 944, 946).
The appellants' contention that the Supreme Court should not have decided the motions at issue because Joseph and Bacchi are not parties to the instant action also lacks merit. The power of a trial court to exercise supervisory control over all phases of pending actions and proceedings includes the power to enforce a stipulation within a pending action or proceeding (see Teitelbaum Holdings v Gold, 48 NY2d 51, 54). Since Joseph, as a representative of Farbenblum's estate, and Bacchi are seeking to enforce their rights as parties to the so-ordered stipulation and the purchase agreements incorporated therein, they are parties to the instant action pursuant to Teitelbaum, and are properly seeking to discharge the law firm as their attorney (see White House Manor, Ltd. v Benjamin, 11 NY3d 393).
Further, we agree with the Supreme Court's determination that the law firm had an attorney-client relationship with Farbenblum and Bacchi related to the instant action. An attorney-client relationship may exist in the absence of a retainer or fee (see Gardner v Jacon, 148 AD2d 794). However, a party's unilateral belief does not confer upon him or her the status of client. Rather, to establish an attorney-client relationship, there must be an explicit undertaking to perform a specific task (see Volpe v Canfield, 237 AD2d 282, 283). "In determining the existence of an attorney-client relationship, a court must look to the actions of the parties to ascertain the existence of such a relationship" (Wei Cheng Chang v Pi, 288 AD2d 378, 380; see McLenithan v McLenithan, 273 AD2d 757, 758-759). Here, the court's determination that an attorney-client relationship existed between the law firm and Farbenblum and Bacchi was supported by the evidence and credible testimony adduced at the hearing, and we discern no basis for disturbing that determination.
The appellants' remaining contentions are not properly before this Court.
DUFFY, J.P., LASALLE, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court