Singh v Pliskin, Rubano, Baum & Vitulli (2021 NY Slip Op 07019)





Singh v Pliskin, Rubano, Baum & Vitulli


2021 NY Slip Op 07019


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-07950
 (Index No. 708080/18)

[*1]Roopnarine Singh, etc., et al., respondents,
v
Pliskin, Rubano, Baum & Vitulli, et al., appellants.


Winget, Spadafora & Schwartzberg, LLP, New York, NY (Anthony D. Green and Alexander A. Truitt of counsel), for appellants.
Lavallee Law Offices, PLLC, Farmingdale, NY (Kristopher M. Dennis of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered April 19, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging legal malpractice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Roopnarine Singh is the majority shareholder of the plaintiff MSN Air Service, Inc. (hereinafter MSN). Edward A. Radburn is the minority shareholder of MSN. In 2009, Radburn commenced a proceeding pursuant to Business Corporation Law § 1104-a in the Supreme Court, Queens County, for the judicial dissolution of MSN (hereinafter the Queens action). Singh retained the defendants to represent him in the Queens action. On the advice of the defendants, Singh elected to purchase Radburn's shares in MSN pursuant to Business Corporation Law § 1118(a). When Radburn repeatedly failed to appear for conferences or the valuation hearing, the defendants moved on Singh's behalf to dismiss the Queens action with prejudice. The court "marked [the proceeding] off [the] calendar without prejudice."
Thereafter, Radburn, individually and derivatively on behalf of MSN, commenced an action against Singh in the Supreme Court, Nassau County, alleging causes of action seeking an accounting and to recover damages for breach of contract, breach of fiduciary duty, and unjust enrichment (hereinafter the Nassau action). The court granted Radburn a preliminary injunction restraining Singh from taking certain actions with respect to MSN, and, after the defendants had withdrawn as counsel for Singh, appointed a temporary receiver for MSN. In September 2016, Singh and Radburn settled both the Queens and Nassau actions.
The plaintiffs then commenced this action alleging that the defendants committed legal malpractice by, inter alia, failing to prosecute the Queens action to completion prior to the commencement of the Nassau action in that, after the court marked the Queens action off the calendar, the defendants did not attempt to finalize Singh's election to purchase Radburn's shares [*2]in MSN. The complaint also alleged that the defendants were negligent in advising Singh to operate MSN without also advising him that absent the completion of his purchase of Radburn's shares, the plaintiffs still had obligations to Radburn, including to pay him his contractually owed salary and benefits and his share of any distributions made by MSN. The defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the legal malpractice cause of action. The plaintiffs opposed the motion. In an order entered April 19, 2019, the Supreme Court denied that branch of the defendants' motion which was to dismiss the legal malpractice cause of action. The defendants appeal.
"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505 [internal quotation marks omitted]; see Kahlon v DeSantis, 182 AD3d 588, 589).
The complaint, as augmented by the affidavit of Singh submitted in opposition to the defendants' motion to dismiss, sufficiently stated a cause of action for legal malpractice (see CPLR 3211[a][7]; Leon v Martinez, 84 NY2d 83, 87-88; Doe v Ascend Charter Schs., 181 AD3d 648, 649-650). Contrary to the defendants' contention, at this preliminary stage of the litigation, they failed to conclusively demonstrate that the plaintiffs' subsequent attorney had a sufficient opportunity to correct the defendants' alleged negligence, such that they did not proximately cause any damages flowing from that negligence (see Gobindram v Ruskin Moscou Faltischek, P.C., 175 AD3d 586, 591). The defendants also failed to demonstrate that their actions were protected by the attorney judgment rule (see generally Rosner v Paley, 65 NY2d 736, 738; Katsoris v Bodnar & Milone, LLP, 186 AD3d at 1505).
The documents submitted by the defendants do not utterly refute the factual allegations of the complaint and do not conclusively establish a defense to the plaintiffs' legal malpractice claim as a matter of law (see CPLR 3211[a][1]; Cali v Maio, 189 AD3d 1337, 1338; Gorunkati v Baker Sanders, LLC, 179 AD3d 904, 906).
Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the legal malpractice cause of action.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court