Zi Kuo Zhang v Lau (2022 NY Slip Op 06287)

Zi Kuo Zhang v Lau

2022 NY Slip Op 06287

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-09703
 (Index No. 715727/18)

[*1]Zi Kuo Zhang, et al., respondents,
v
Jay Lau, et al., appellants, et al., defendants.

Winget, Spadafora & Schwartzberg, LLP, New York, NY (Anthony D. Green and Alexander A. Truitt of counsel), for appellants.
Xue & Associates, P.C., Glen Cove, NY (Benjamin B. Xue and Michael S. Romero of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the defendants Jay Lau and Lau & Associates, P.C., appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered July 12, 2019. The order denied those defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action against the defendant Jay Lau and his law firm, the defendant Lau & Associates, P.C. (hereinafter together the Lau defendants), among others, asserting, as against the Lau defendants, causes of action to recover damages for legal malpractice and breach of fiduciary duty. The complaint alleged that the Lau defendants represented the plaintiffs in connection with the formation of Wong Real Estate Fund I, LLC (hereinafter WRE I), the receipt of investment funds to be held in escrow, and the disbursement of those funds.
According to the complaint, the purpose of WRE I was to purchase and develop certain property located on 41st Avenue in Flushing. However, the plaintiffs' funds held in the Lau defendants' escrow account were disbursed in connection with a different property, located on 77th Street in Elmhurst (hereinafter the 77th Street property), which was purchased by another client of the Lau defendants. The plaintiffs agreed to the disbursement but requested a security interest in the hotel on the 77th Street property. Neither WRE I nor the plaintiffs received any interest in the 77th Street property.
The Lau defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them on the grounds, inter alia, that it failed to state a cause of action and that a defense was founded upon documentary evidence. The Supreme Court denied the motion, and the Lau defendants appeal.
The existence of an attorney-client relationship is an essential element of a cause of action to recover damages for legal malpractice (see Lindsay v Pasternack Tilker Ziegler Walsh [*2]Stanton & Romano LLP, 129 AD3d 790, 792). "An attorney-client relationship may exist in the absence of a retainer or fee" (Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 190 AD3d 887, 889). "In determining the existence of an attorney-client relationship, a court must look to the actions of the parties to ascertain the existence of such a relationship" (Wei Cheng Chang v Pi, 288 AD2d 378, 380). "[A] party's unilateral belief does not confer upon him or her the status of client. Rather, to establish an attorney-client relationship, there must be an explicit undertaking to perform a specific task" (Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 190 AD3d at 889; see Volpe v Canfield, 237 AD2d 282, 283).
Here, in an affidavit properly submitted to amplify the allegations in the complaint (see Leon v Martinez, 84 NY2d 83, 88), the plaintiff Jun Hong Zhang averred that Lau met with the individual plaintiffs to form WRE I and orally informed them that he was representing them, instructed them to wire funds to his escrow account, committed to certain conditions of disbursement of those funds, and advised that he would continue to represent them on matters related to the property to be acquired by WRE I. Contrary to the Lau defendants' contention, assuming these allegations to be true and affording the plaintiffs the benefit of every possible favorable inference (see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334), they sufficiently alleged the existence of an attorney-client relationship (see Ripa v Petrosyants, 203 AD3d 770; Blank v Petrosyants, 203 AD3d 685; Mawere v Landau, 130 AD3d 986, 990).
Further, since legal malpractice actions are not subject to special pleading requirements, "a legal malpractice plaintiff need not, in order to assert a viable cause of action, specifically plead that the alleged malpractice fell within the agreed scope of the defendant's representation" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 39; see Fitzsimmons v Pryor Cashman LLP, 93 AD3d 497, 498). "Rather, a legal malpractice defendant seeking dismissal pursuant to CPLR 3211(a)(1) must tender documentary evidence conclusively establishing that the scope of its representation did not include matters relating to the alleged malpractice" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d at 39 [emphasis omitted]). Here, the Lau defendants failed to submit such documentary evidence.
Accordingly, the Supreme Court properly denied dismissal of the legal malpractice cause of action.
The Supreme Court also properly denied dismissal of the breach of fidiciary duty cause of action as duplicative of the legal malpractice cause of action. "An attorney holding funds in escrow owes a fiduciary duty to anyone with a beneficial interest in the trust" (Baquerizo v Monasterio, 90 AD3d 587, 587 [internal quotation marks omitted]; see Levit v Allstate Ins. Co., 308 AD2d 475, 477; Takayama v Schaefer, 240 AD2d 21, 25). An escrow agent has a duty not to deliver the escrow funds to anyone except upon strict compliance with the conditions imposed (see Sasidharan v Piverger, 145 AD3d 814, 815; Baquerizo v Monasterio, 90 AD3d at 587; Matter of Ginzburg, 89 AD3d 938, 941). Here, the complaint sufficiently pleaded the existence of an oral escrow agreement (see Gargano v Morey, 165 AD3d 889, 891), invoking fiduciary duties even in the absence of an attorney-client relationship. Therefore, as the court correctly determined, the breach of fiduciary duty cause of action was properly pleaded in the alternative, in the event that it is ultimately determined that no attorney-client relationship existed or that the Lau defendants' conduct related to the escrow funds was not within the scope of any such relationship.
Finally, contrary to the Lau defendants' contention, an exculpatory clause in the limited liability company agreement of WRE I did not conclusively establish a defense to the breach of fiduciary duty cause of action as a matter of law. Insofar as the exculpatory clause is applicable to the Lau defendants' actions taken in good faith as an escrow agent (cf. Baquerizo v Monasterio, 90 AD3d at 587), the complaint sufficiently alleges that the challenged disbursement was not made in good faith or was the result of the Lau defendants' gross negligence, and the documentary evidence did not conclusively defeat those allegations (see Elbayoumi v TD Bank, N.A., 185 AD3d 786, 789; Lenoci v Secure Alarm Installations, LLC, 97 AD3d 800, 801).
Accordingly, the Supreme Court properly denied the Lau defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court