Berger v Lewis Johs Avallone Aviles, LLP (2024 NY Slip Op 05952)

Berger v Lewis Johs Avallone Aviles, LLP

2024 NY Slip Op 05952

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-05993
 (Index No. 531943/21)

[*1]Aaron Berger, respondent, 
v
Lewis Johs Avallone Aviles, LLP, defendant, Marc Wohlgemuth & Associates, P.C., appellant.

Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Jamie R. Wozman, Sam Cohen, and Mark K. Anesh of counsel), for appellant.
Herrick, Feinstein, LLP, New York, NY (Elizabeth A. Mancuso, David King, and Avery Mehlman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant Marc Wohlgemuth & Associates, P.C., appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated April 14, 2023. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In December 2021, the plaintiff commenced this action to recover damages for legal malpractice against the defendant Marc Wohlgemuth & Associates, P.C. (hereinafter Wohlgemuth), and another defendant, in connection with Wohlgemuth's legal representation of him as a defendant in a personal injury action. In November 2022, Wohlgemuth moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. In an order dated April 14, 2023, the Supreme Court denied Wohlgemuth's motion. Wohlgemuth appeals.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC, 175 AD3d 610, 611 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). Further, "[o]n a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Georgica Bldrs., Ltd. v 136 Bishops Lane, LLC, 175 AD3d at 611; see Leon v Martinez, 84 NY2d at 87).
Here, accepting the allegations in the complaint as true and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), the complaint sufficiently stated a cause of action to recover damages for legal malpractice. Contrary to Wohlgemuth's contention, "'a legal malpractice plaintiff need not, in order to assert a viable cause of action, specifically plead that the alleged malpractice fell within the agreed scope of the [*2]defendant's representation'" (Shan Yun Lin v Lau, 210 AD3d 817, 818, quoting Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 39). Further, "'a legal malpractice defendant seeking dismissal pursuant to CPLR 3211(a)(1) must tender documentary evidence conclusively establishing that the scope of its representation did not include matters relating to the alleged malpractice'" (id., quoting Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d at 39). Here, Wohlgemuth failed to submit documentary evidence sufficient to make that showing or to otherwise submit documentary evidence utterly refuting the plaintiff's allegations or conclusively establishing a defense as a matter of law (see Ki Kuo Zhang v Lau, 210 AD3d 829, 831; Shan Yun Lin v Lau, 210 AD3d at 818).
Accordingly, the Supreme Court properly denied Wohlgemuth's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court