Bernstein v Jacobson (2025 NY Slip Op 03173)

Bernstein v Jacobson

2025 NY Slip Op 03173

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-07834
 (Index No. 707236/22)

[*1]Anita Bernstein, respondent,
v Jay D. Jacobson, appellant.

Gordon Rees Scully Mansukhani, LLP, New York, NY (Joseph Salvo and Jared M. Mogil of counsel), for appellant.
Jonathan E. Neuman, Fresh Meadows, NY, for respondent.

DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), dated December 6, 2022. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
In April 2022, the plaintiff commenced this action to recover damages for legal malpractice, alleging in an amended complaint, inter alia, that the defendant failed to timely commence a personal injury action on her behalf. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. In an order dated December 6, 2022, the Supreme Court denied the motion. The defendant appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only if 'the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Hansen v New York Archdiocese, 227 AD3d 683, 683-684, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). Affidavits, emails, and letters are not considered documentary evidence within the meaning of CPLR 3211(a)(1) (see County of Westchester v Unity Mech. Corp., 165 AD3d 883, 884-885; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714). "[O]n a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (17 Lexington Ave., LLC v Alison Six Star, LLC, 229 AD3d 484, 486 [internal quotation marks omitted]). In addition, where, as here, "evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, dismissal should not eventuate" (Doe v Ascend Charter Schs., 181 AD3d 648, 650, citing Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"'To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages'" (Singh v Pliskin, Rubano, Baum & Vitulli, 200 AD3d 927, 928-929, quoting Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, [*2]1505). "The existence of an attorney-client relationship is an essential element of a cause of action to recover damages for legal malpractice" (Zi Kuo Zhang v Lau, 210 AD3d 829, 830).
Here, the affidavit, emails, and letter submitted by the defendant did not constitute documentary evidence within the meaning of CPLR 3211(a)(1) (see County of Westchester v Unity Mech. Corp., 165 AD3d at 884-885; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714). Further, the documentary evidence submitted with the motion did not utterly refute the plaintiff's allegation that an attorney-client relationship existed at the time of the alleged malpractice (see Harris v Barbera, 96 AD3d 904, 905). Although the defendant submitted the retainer agreement indicating the conditions upon which the attorney-client relationship could be terminated, that document failed to conclusively establish that no attorney-client relationship existed at the time of the alleged malpractice (see Buchanan v Law Offs. of Sheldon E. Green, P.C., 215 AD3d 790, 791; Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 588).
Moreover, accepting the facts alleged in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the amended complaint stated a cause of action for legal malpractice (see CPLR 3211[a][7]; Doe v Ascend Charter Schs., 181 AD3d at 649-650). Considering the amended complaint and an affidavit by the plaintiff's spouse that was properly submitted to amplify the allegations in the amended complaint (see Zi Kuo Zhang v Lau, 210 AD3d at 831), the plaintiff sufficiently alleged that she would have prevailed in a personal injury action but for the defendant's alleged malpractice (see Ramirez v Donado Law Firm, P.C., 169 AD3d 940, 943). Contrary to the defendant's contentions, the plaintiff's allegations of serious injury and damages were not speculative or conclusory (see Denisco v Uysal, 195 AD3d 989, 991).
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court