People v Karkowsky (2025 NY Slip Op 06868)

People v Karkowsky

2025 NY Slip Op 06868

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-05218
 (Ind. No. 72031/22)

[*1]The People of the State of New York, respondent,
v
Judah Karkowsky, appellant.

Barket Epstein Kearon Aldea & Loturco, LLP, Garden City, NY (Donna Aldea of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. Schwartz, J.), rendered June 20, 2024, convicting him of possession of a forged instrument in the second degree, offering a false instrument for filing in the first degree (two counts), making an apparently false statement in the first degree (three counts), and criminal contempt in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50(5).
Viewing the evidence in the light most favorable to the prosecution, we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt for his convictions of possession of a forged instrument in the second degree, offering a false instrument for filing in the first degree, making an apparently false statement in the first degree, and criminal contempt in the second degree (see People v Lagano, 39 NY3d 108, 111; People v Golding, 206 AD3d 759, 759; People v Plass, 160 AD3d 771, 773). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
Contrary to the defendant's contention, the Supreme Court did not err in admitting certain evidence related to a prior criminal proceeding against the defendant, since it was not evidence of a prior bad act or prior uncharged crime but, rather, was relevant to the very same crimes for which the defendant was on trial and provided a complete narrative of the events charged in the indictment as well as necessary background information (see People v Franklin, 240 AD3d 712, 714; People v Patierno, 240 AD3d 516, 517; People v Duchi, 176 AD3d 968, 968). Moreover, any undue prejudice to the defendant was minimized by the court's curative measures and instructions to the jury (see People v Franklin, 240 AD3d at 714).
Contrary to the defendant's further contention, the Supreme Court did not err in admitting certain communications between the defendant and a friend, who was an attorney, as the defendant failed to establish that he had an attorney-client relationship with his friend. "In [*2]determining the existence of an attorney-client relationship, a court must look to the actions of the parties to ascertain the existence of such a relationship" (Zi Kuo Zhang v Lau, 210 AD3d 829, 830 [internal quotation marks omitted]; see Moran v Hurst, 32 AD3d 909, 911). "[A] party's unilateral belief does not confer upon him or her the status of client" (Willoughby Rehabilitation & Health Care Ctr., LLC v Webster, 190 AD3d 887, 889). Here, the text messages between the defendant and his friend do not support a finding that an attorney-client relationship existed between them (see People v O'Connor, 85 AD2d 92, 95-96). Accordingly, the communications at issue were not protected by attorney-client privilege.
Furthermore, the Supreme Court did not improperly curtail the defendant's right to present a defense. "The right to present a defense constitutes a fundamental element of due process of law" (People v Austin, 237 AD3d 736, 736 [internal quotation marks omitted]; see People v Bittrolff, 165 AD3d 690, 691). "However, a trial court may, in its discretion, exclude evidence that is of slight or remote significance, speculative, lacking a good-faith factual basis, or solely based on hearsay" (People v McCrimmon, 236 AD3d 678, 678 [alteration and internal quotation marks omitted]). Here, the court providently exercised its discretion in precluding certain self-serving hearsay evidence (see People v Bryant, 211 AD3d 848, 849; People v Bittrolff, 165 AD3d at 691-692). In any event, the defendant was permitted to testify with respect to the circumstances for which he sought to admit that evidence.
The defendant's contention that the Supreme Court improperly denied his request for a circumstantial evidence charge is without merit, as the case against him consisted of both direct and circumstantial evidence (see People v Hardy, 26 NY3d 245, 249; People v Hayon, 211 AD3d 966, 966).
The defendant's remaining contention is not properly before this Court.
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court